IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERNEST ARNIM TYNDALE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-23-1594 |
| ROBERT DEAN, *Warden of JCI*, and ANTHONY BROWN, *the Attorney General of the State of Maryland*, | * | |
| | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Ernest Arnim Tyndale, a Maryland prisoner incarcerated at Jessup Correctional Institution ("JCI"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 alleging that he was "denied due process and equal protection of law" by both the "habeas corpus court" and the Appellate Court of Maryland.  ECF No. 1 at 5-6.

Pursuant to the court's Order directing Respondent to file a response to the petition (ECF No. 4), Respondent filed a limited response on June 30, 2023.  ECF No. 6.  Mr. Tyndale replied on July 21, 2023.  ECF No. 8.  In his reply, Mr. Tyndale requests an evidentiary hearing and the appointment of counsel, *id.* at 1, 9, which the court construes as motions for each.  Mr. Tyndale also filed a motion "to hold off decision" which the court construes as a motion for stay and abeyance.  ECF No. 7.

The court has reviewed the papers and finds no hearing necessary.  *See* Md. Loc. R. 105.6 (D. Md. 2023).  For the reasons that follow, the court denies the petition for writ of habeas corpus, and denies the motion for stay and abeyance.

I.   **Background**

On September 19, 1995, Mr. Tyndale was found guilty of committing first-degree murder in the Circuit Court for Baltimore City and was sentenced to life in prison.  State Record; ECF No.

6-1 at 79. He noted an appeal to the Appellate Court of Maryland,[1] but his conviction was affirmed in an unreported opinion filed January 29, 1997. *Id.* at 80. The Supreme Court of Maryland denied Mr. Tyndale's pro se petition for certiorari on June 11, 1997. *Id.* at 95. Thereafter, Mr. Tyndale filed a petition for post conviction relief on August 28, 2001 (the "original post conviction petition"). *Id.* Mr. Tyndale was granted post conviction relief on March 7, 2005. *Id.* at 81. The State's application for leave to appeal was granted, and, on January 22, 2007, the Appellate Court of Maryland reversed the decision granting post conviction relief and remanded the case for resolution of unaddressed issues. *Id.* at 96.

While the remanded post conviction petition was pending, Mr. Tyndale sought federal habeas corpus relief before this court on June 15, 2011. *Id.* at 15; *see also Tyndale v. Sowers*, Civil Action RDB-11-1653 (D. Md. 2011). Mr. Tyndale's federal habeas corpus petition was dismissed as time-barred on November 7, 2011. *Id.* at 99.

The Circuit Court docket sheet reflects that, thereafter, on November 15, 2012, the pending post conviction petition was denied by the Circuit Court for Baltimore City. *Id.* at 10. Mr. Tyndale filed an application for leave to appeal the denial of his petition for post conviction relief on December 17, 2012. *Id.* Since that time, Mr. Tyndale has filed various motions and petitions in the Circuit Court for Baltimore City challenging his 1995 conviction. *See id.* at 10-11.

One such petition, a request for habeas corpus relief, was filed in the civil system for the Circuit Court for Baltimore City on February 8, 2022 (the "State petition"). *Id.* at 12. The petition

---

[1] At the time this case occurred, the Appellate Court of Maryland was named the Court of Special Appeals of Maryland. During the November 8, 2022, Maryland general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals to the Appellate Court of Maryland and changing the name of the Court of Appeals to the Supreme Court of Maryland. The name change took effect on December 14, 2022, and thus the newly recognized names will be used throughout this Memorandum Opinion.

was denied June 2, 2022. *Id.* at 13. An appeal was noted to the Appellate Court of Maryland, and subsequently, a petition for writ of certiorari was filed in the Supreme Court of Maryland. *Id.* at 13. The petition for writ of certiorari was denied June 9, 2023. *Id.* The petition for federal habeas corpus relief presently before this court was filed June 12, 2023. ECF No. 1.

In his current petition for habeas corpus relief, Mr. Tyndale appears to challenge the denial of the State petition for habeas relief, as well as certain errors stemming from his original post conviction petition.[2] First, his petition appears to challenge the authority of the Appellate Court of Maryland to reverse the post conviction court's decision to grant relief in 2005. *Id.* at 7. He states that because he timely filed a motion to alter or amend judgment which was "open and pending" before the Circuit Court, the Appellate Court of Maryland "lacked subject matter jurisdiction to decide the State's appeal of the post conviction court's judgment." *Id.* Next, with respect to his State petition for habeas relief, he argues his rights were violated because the Respondent failed to file a response as directed by the court. *Id.* at 8. Third, with respect to the State petition, he argues that, when a response was filed, it was untimely and was improperly filed by the States' Attorney's Office rather than the Office of the Attorney General. *Id.* at 9. Fourth, he alleges that the Appellate Court of Maryland "erred for failure to rule of the merits" of his State petition for habeas relief. *Id.* at 12. Finally, he again challenges the authority of the Appellate Court of Maryland to rule on the State's application for leave to appeal the granting of post conviction relief, stating that the Appellate Court was required to wait for the post conviction court to resolve Petitioner's Rule 2-539 motion before addressing the State's appeal of the post conviction court's judgment." *Id.* at 15.

---

[2]   Mr. Tyndale's claims are not entirely clear.

In response, Respondent argues that, to the extent Mr. Tyndale is challenging the adjudication of his State petition for habeas relief, his federal habeas claims must be denied because he is not "in custody" due to those proceedings. ECF No. 6 at 6. Alternatively, to the extent Mr. Tyndale is challenging issues stemming from his 1995 conviction, his federal habeas claims must be dismissed as successive. *Id.* at 12.

Mr. Tyndale filed a response in which he essentially reiterates the arguments outlined in his petition. *See* ECF No. 8. He also raises, for the first time, a claim of actual innocence. ECF No. 8 at 8. Specifically, he states that "the State's Attorney for Baltimore City failed to disclose exculpatory DNA evidence in their possession that was tested 12 years after trial…" *Id.* He states that a "condom was recovered on the crime scene next to the victim… however it was tested after trial sometime in 2006 or 2007. The test yield a DNA profile of an unknown male." *Id.* at 9.

**II.    Discussion**

This court's authority to grant habeas relief under § 2254 is limited. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996). The federal habeas statute provides that a petitioner may file for relief only on the grounds that he is "in *custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This requirement is jurisdictional; that is, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief *only from persons who are 'in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3)) (emphasis added).

Mr. Tyndale is currently in custody due to his 1995 conviction for first-degree murder, and his life sentence for that conviction. Thus, this is the conviction and sentence he may challenge pursuant to § 2254. However, presently, Mr. Tyndale is unable to challenge his 1995 conviction

in a § 2254 petition because his claims are barred as successive. In other words, Mr. Tyndale previously filed a petition in this court challenging his 1995 conviction. *See Tyndale v. Sowers*, Civil Action RDB-11-1653 (D. Md. 2011).

Under 28 U.S.C. § 2244, Mr. Tyndale may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending Petition is successive; and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Mr. Tyndale has not complied with this "gatekeeper" provision. Accordingly, to the extent Mr. Tyndale seeks to raise claims related to his 1995 conviction, the pending application for habeas corpus relief must be dismissed, without prejudice, as successive pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mr. Tyndale wish to seek authorization to file a successive petition. It is to be emphasized that Mr. Tyndale must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

    a.    **Actual Innocence Gateway**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the

5

impediment is a procedural bar . . . or . . . expiration of the statute of limitations." In other words, when a case is unable to move forward for a procedural reason, such as the successive nature of this petition, a claim of actual innocence can serve as a "gateway" which can be used to pass through the procedural bar such that the habeas court can address the merits of the underlying claim. *Id.* Importantly, however, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386, quoting *Schlup v Delo*, 513 U.S. 298, 329 (1995); *see House v. Warden*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

The *Perkins* decision did not create a new right to habeas review, nor did it change existing law. Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review. "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324). New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir.), *appl. for stay and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998). The new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999). To invoke the actual innocence exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Simply put, Mr. Tyndale has not satisfied this exacting standard. For the first time in his reply to Respondent, Mr. Tyndale puts forth a bare-bones claim of actual innocence. Mr. Tyndale simply proffers that the State failed to test and disclose a condom "recovered on the crime scene next to the victim" and that further testing of the condom revealed the DNA of an "unknown male." ECF No. 8 at 9. He states that the testing was done after trial, sometime in 2006 or 2007, but he did not become aware of it until 2022. *Id.* Mr. Tyndale does not explain how the existence of this condom proves his innocence of the crime for which he was convicted, nor does he provide any factual details about the crime which might assist the court in making that assessment. On this record, the court is not convinced that "no juror, acting reasonably, would have voted to find [Mr. Tyndale] guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386.

As pled, Mr. Tyndale's actual innocence claim fails. However, the court does not foreclose the possibility that, if he were to provide more information, Mr. Tyndale may have a plausible actual innocence claim that could serve as a gateway to pierce the procedural bars he faces to habeas relief. His claims of actual innocence are therefore dismissed without prejudice.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude petitioner from seeking permission to file a successive petition or from pursuing his

claims upon receiving such permission. Because Mr. Tyndale has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

### IV. Pending Motions

Mr. Tyndale's Motion for Stay and Abeyance appears to request extra time to seek authorization from the Fourth Circuit to file his successive claims. *See* ECF No. 7. Claims related to his 1995 conviction are dismissed without prejudice. Thus, if he is successful in obtaining authorization in the future, he may file those claims at that time. Additionally, a stay or abeyance is traditionally granted in limited circumstances to allow a federal habeas petitioner to return to State court to exhaust an otherwise cognizable claim. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Mr. Tyndale also moves for an evidentiary hearing and the appointment of counsel. *See* ECF No. 8 at 1, 9. For the reasons fully outlined above, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). Thus, this request is denied.

As to the appointment of counsel, under Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." Having determined an evidentiary hearing is not necessary in this case, the court shall also deny the request for counsel.

### V. Conclusion

For the foregoing reasons, Mr. Tyndale's request for habeas relief is denied. Mr. Tyndale's Motion for Stay and Abeyance (ECF No. 7) is denied. Mr. Tyndale's motions for an evidentiary hearing and the appointment of counsel (ECF No. 8) are also denied. Claims related to Mr.

Tyndale's 1995 conviction are dismissed, without prejudice, as successive. Mr. Tyndale's claims of actual innocence are dismissed without prejudice.

A separate Order follows.

September 6, 2023

/s/
DEBORAH K. CHASANOW
United States District Judge